SUSAN SHEPARD *et al.*, Plaintiffs-Appellees, v. JEFFERY HANLEY *et al.*, Defendants-Appellants.

Third District   No. 3—94—0880

Opinion filed August 23, 1995.

David J. Silverman and George M. Ferreti, both of Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet (George F. Mahoney, of counsel), and John Gilbert, of Schippers, Gilbert & Bailey, of Chicago, for appellants.

Frank P. Andreano, of Joliet, for appellees.

JUSTICE LYTTON delivered the opinion of the court:

Plaintiffs filed suit alleging violations of section 1983 of the Civil Rights Act (42 U.S.C. § 1983 (1988)). After the judge directed a verdict for the plaintiffs, the jury assessed only nominal damages. The judge then awarded attorney fees to plaintiffs, and defendants filed this appeal. We affirm.

## I. FACTS

Responding to a complaint of loud music, Shorewood policemen Jeffery Hanley and Kenneth Rafter arrived at the home where Susan Shepard resided with her sons, Michael and Matthew. When no one responded to the doorbell, the officers looked in a basement window and saw 15-year-old Michael consuming beer. Returning to the front door, the policemen spoke to Michael and his 16-year-old brother Matthew. The brothers told the officers that they were babysitting two infants. They entered the house and observed the children sleeping on a couch. The officers then went to the basement, where the Shepard brothers admitted that they had been drinking, and arrested the boys.

The Shepards filed suit pursuant to section 1983 of the Civil Rights Act (42 U.S.C. § 1983 (1988)). Counts I and III alleged that Hanley and Rafter violated the United States and Illinois Constitutions' proscription against unreasonable search and seizure. Count II alleged that Hanley used unlawful force against Michael Shepard.

At the trial, the judge found that the officers had improperly entered the basement and granted plaintiffs' motion for a directed verdict on counts I and III. The jury awarded plaintiffs $1 in compensatory damages, denied plaintiffs' request for punitive damages and found for the defense on count II.

Subsequently, plaintiffs filed a petition for attorney fees of $36,177 plus costs pursuant to section 1988 of the Civil Rights Act (42 U.S.C. § 1988 (1988)). The trial judge awarded plaintiffs $14,297 in attorney fees and costs.

## II. ANALYSIS

Section 1988 of the Civil Rights Act provides that a trial judge may award reasonable attorney fees to a prevailing party in civil rights litigation. (42 U.S.C. § 1988 (1988).) A fee award under section 1988 is within the discretion of the trial court, and we review the determination under the highly deferential "abuse of discretion" standard. (42 U.S.C. § 1988 (1988); *Tampam, Inc. v. Property Tax Appeal Board* (1991), 208 Ill. App. 3d 127, 566 N.E.2d 905.) We will also review an award to see if the trial judge erred as a matter of law. *Beverly Bank v. Board of Review of Will County* (1989), 193 Ill. App. 3d 130, 550 N.E.2d 567.

In *Farrar v. Hobby* (1992), 506 U.S. 103, 121 L. Ed. 2d 494, 113 S. Ct. 566, the United States Supreme Court addressed the propriety of awarding attorney fees to a civil rights plaintiff who obtains a judgment for nominal damages. The Court concluded that a civil rights plaintiff who wins nominal damages is a "prevailing party" under section 1988; however, the degree of a plaintiff's overall success should be considered as a factor in determining the reasonableness of a fee award. *Farrar*, 506 U.S. at 113-14, 121 L. Ed. 2d at 504-05, 113 S. Ct. at 574.

In *Farrar*, the Supreme Court reversed an award of $280,000 in attorney fees where the plaintiff sued for $17 million but recovered only $1. The trial judge erred when he simply calculated "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate *** without engaging in any measured exercise of discretion." (*Farrar*, 506 U.S. at 114, 121 L. Ed. 2d at 505, 113 S. Ct. at 575.) The Supreme Court reversed the award because the judge had failed to consider the relationship between the extent of success and the amount of the fee award. *Farrar*, 506 U.S. at 115-16, 121 L. Ed. 2d at 506, 113 S. Ct. at 575.

In this case, the record shows that the trial judge analyzed the plaintiffs' petition for fees in light of *Farrar*. He reduced counsel's hourly rate from $150 per hour to $125 per hour, reduced the total number of hours in light of the verdict on count II, and then cut the remaining fee in half, considering the degree of plaintiff's success in the underlying action. Unlike *Farrar*, where the fee award was figured by the rigid application of a mathematical formula, the trial judge's decision in this case was based on a well-reasoned application of judicial discretion.

Nonetheless, the defendants argue that the attorney fee award cannot stand in light of the post-*Farrar* test enunciated in *Cartwright v. Stamper* (7th Cir. 1993), 7 F.3d 106. In *Cartwright*, the court of appeals held that when a trial court reviews attorney fee petitions in

nominal award cases, it should consider (1) the difference between the amount sought by the plaintiff and the judgment actually obtained, (2) the significance of the legal issue upon which the plaintiff prevailed, and (3) the public purpose served by the litigation. *Cartwright*, 7 F.3d at 109.

In this case, defendants contend that the award was inappropriate because there exists a substantial difference between the nominal amount actually awarded by the jury and the recovery sought by plaintiffs, who claimed damages "in excess of $15,000." However, Illinois rules, unlike Federal civil procedure, require plaintiffs who desire full discovery to plead damages in excess of $15,000. (134 Ill. 2d R. 222.) The recovery sought in this case is not comparable to the $17 million sought in *Farrar*.

Moreover, plaintiffs prevailed on a significant legal issue and the litigation served an important public purpose. Even a verdict of nominal damages for violations of procedural due process recognizes the importance to society that this right be scrupulously observed. (*Farrar*, 506 U.S. at 112, 121 L. Ed. 2d at 504, 113 S. Ct. at 574.) After noting that the evidence in this case was so overwhelming as to merit directed verdicts on counts I and III, the trial judge stated:

> "[I]f I were not to award fees in some significant amount, I would be sending a signal to [police] officers who are inclined to take a pass on picky rules of the constitution, to go ahead and do it, because there's nothing effective anybody is going to be able to do about it. *** Well, I'm not going to send that signal."

We agree. "Nothing can destroy a government more quickly than its failure to observe its own laws, or worse, its disregard of the charter of its own existence." (*Mapp v. Ohio* (1961), 367 U.S. 643, 659, 6 L. Ed. 2d 1081, 1092, 81 S. Ct. 1684, 1694.) In awarding attorney fees and costs, the trial judge neither abused his discretion nor erred as a matter of law.

### III. CONCLUSION

The judgment of the circuit court of Will County is affirmed.

Affirmed.

McCUSKEY and SLATER, JJ., concur.